UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SUNG HONG,<br>aka Laurence Hong<br>aka Lawrence Hong,<br><br>HYUN JOO HONG,<br>aka Grace Hong,<br><br>Defendants,<br>and,<br><br>SANTANDER CONSUMER USA, INC.,<br><br>Third-Party Claimant. | CASE NO. CR17-163-TSZ<br><br>**STIPULATION AND ORDER SETTLING THIRD-PARTY CLAIM TO VEHICLE** |

The United States and Third-Party Claimant Santander Consumer USA, Inc. ("Santander") present the following Stipulation and proposed Order to settle the interest Santander Consumer USA, Inc. has asserted in the 2015 Aston Martin DB9 1500, VIN #SCFFDAFM9FGB16266, which has been forfeited by the Defendants in this case.

Stipulation and Order Settling Third-Party Claim to Vehicle - 1
*U.S. v. Hong,* CR17-163-TSZ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## I. RELEVANT PROCEDURAL FACTS

The Defendants in this case agreed to forfeit the vehicle pursuant to the plea agreements they entered on March 27, 2018 and March 30, 2018, respectively (Dkt. Nos. 85, 88). Prior to the Defendants' sentencing, the Court entered Preliminary Orders of Forfeiture forfeiting the Defendants' interest in the vehicle, as well as the other assets they agreed to forfeit (Dkt. Nos. 127, 128). Thereafter, as required by 21 U.S.C. § 853(n)(1) and Fed. R. Crim. P. 32.2(b)(6)(C), the United States published notice of the Preliminary Orders of Forfeiture and its intent to dispose of the assets in accord with governing law (Dkt. No. 162). That notice informed any third parties claiming an interest in the assets they were required to file a petition with the Court within 60 days of the notice's first publication on July 3, 2020 (*Id.*).

As required by Fed. R. Crim. P. 32.2(b)(6)(A), the United States also sent notice and a copy of the Preliminary Order to the lienholder of record, who appeared to be a potential claimant based on the underlying investigative material. As provided by 21 U.S.C. § 853(n)(2), this notice advised that if the recipient wanted to assert an interest in any of the assets, it was required to file a petition on the docket within 30 days of receiving it. The United States sent notice to Gateway One Lending & Finance ("Gateway"), the holder of the lien on the vehicle, on July 2, 2020, at its Atwood, California address. This notice was redirected to an address in North Richland Hills. Upon learning that Santander had acquired servicing authority for the lien, the United States sent notice directly to Santander on February 11, 2021. The notice to Santander was delivered on February 22, 2021.

On March 4, 2021, Santander submitted a petition for remission, which was received by the United States on March 9, 2021. On March 30, 2021, after communications from the United States, Santander filed a claim, docket no. 175, to the 2015 Aston Martin DB9 1500, VIN #SCFFDAFM9FGB16266. In this claim, Santander asserts that as the loan servicer for Gateway One, it is the rightful owner of the vehicle (*Id.*). The United States recognizes the valid claim of Santander, on behalf of Gateway One and as its agent.

Stipulation and Order Settling Third-Party Claim to Vehicle - 2
*U.S. v. Hong,* CR17-163-TSZ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

No competing claims to the vehicle have been filed, and the period for doing so has expired – on August 2, 2020 for the published notice, and on March 24, 2021 for the last direct notice.

## II. STIPULATION

The United States and Santander, as servicer and agent for Gateway One, HEREBY STIPULATE to the following facts:

1. In support of their claim, Santander asserts that the Defendants executed a Simple Interest Motor Vehicle Contract Security Agreement in the principal amount of $100,000.00 in favor of Jake's Motorcars on April 18, 2017. The Loan Contract for the 2015 Aston Martin was originally assigned to Gateway One. Santander is the current servicer company for Gateway One and as such, has the right to enforce the contract. Santander agrees that it is enforcing the agreement on behalf of Santander and Gateway One.

2. Santander affirms the information reflected in Paragraph 1 is true.

3. Based on the information reflected in Paragraph 1 and Santander's Affirmation in Paragraph 2, the United States agrees that Santander has a vested interest in the vehicle, pursuant to 21 U.S.C. § 853(n)(6)(A).

4. The United States recognizes Santander's vested interest in the vehicle and agrees it will return that vehicle to Santander following completion of the criminal proceedings in this case, to include any criminal appeal. The seizing agency, US Marshals Service, will return the vehicle to Santander.

5. Santander understands and agrees the vehicle will be returned to them in its current condition, as it was seized from the Defendants in this case and maintained by the US Marshals Service.

6. Santander understands and agrees that this Stipulation fully and finally resolves Gateway and Santander's claim to the vehicle. Santander waives any right to further litigate or pursue the claim, in this or any other proceeding, judicial or administrative.

7. Upon return of the vehicle, Santander agrees to release and hold harmless the United States, its agents, representatives, and/or employees, as well as any involved state or

Stipulation and Order Settling Third-Party Claim to Vehicle - 3
*U.S. v. Hong,* CR17-163-TSZ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

local law enforcement agencies, their agents, representatives, and/or employees, from any and all claims Santander may possess, or that could arise, based on the seizure, detention, and return of the vehicle.

8. The United States and Santander agree that Santander will: Pay the storage fee to the US Marshals Services, execute a hold harmless agreement, obtain an independent valuation of the vehicle, and sell the vehicle without assistance of the United States. Santander expressly waives any right to seek attorneys' fees pursuant to 28 U.S.C. § 2465.

9. Santander understands that, after this Stipulation is filed, the United States will move for a final order of forfeiture regarding other property the Defendants agreed to forfeit, to which neither Santander nor anyone else has filed a claim.

10. The United States and Santander agree the terms of this Stipulation are subject to review and approval by the Court, as provided in the proposed Order below. If the Court enters the proposed Order, a violation of any term or condition of this Stipulation shall be construed to be a violation of that Order.

Respectfully submitted,
TESSA M. GORMAN
Acting United States Attorney

DATED: May 3, 2021

*/s/ Krista K. Bush*
KRISTA K. BUSH
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101
(206) 553-2242
Krista.Bush@usdoj.gov

DATED: May 3, 2021

*/s/ Conner W. Morgan*
Conner W. Morgan
Attorney for Third-Party Claimant
Schweet Linde & Coulson, PLLC
575 S. Michigan Street
Seattle WA 98108
(206) 381-0119 (Direct)
(206) 381-0101 (Fax)

'krau235lni.wa. ov'

Stipulation and Order Settling Third-Party Claim to Vehicle - 4
U.S. v. Hong, CR17-163-TSZ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**<u>ORDER</u>**

The Court has reviewed the Stipulation between the United States and Third-Party Claimant Santander Consumer USA, Inc., as servicer and agent of Gateway One Lending & Finance, which settles the interest the Third-Party Claimant has asserted in the 2015 Aston Martin DB9 1500, VIN #SCFFDAFM9FGB16266, which has already been forfeited by the Defendants in this case. <u>See</u> Orders (docket nos. 127 & 128). The Court HEREBY APPROVES the Stipulation and its terms, as modified. Santander Consumer USA, Inc.'s petition, docket no. 175, is STRICKEN as moot.

IT IS SO ORDERED.

DATED this 12th day of May, 2021.

*[signature: Thomas S. Zilly]*

Thomas S. Zilly
United States District Judge

Stipulation and Order Settling Third-Party Claim to Vehicle - 5
*U.S. v. Hong,* CR17-163-TSZ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970